# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| ANGELIQUE BANKSTON, | ) | CASE NO. 1:13 CR 166 |
| | ) | |
| Defendant-Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM AND OPINION |
| | ) | |
| Plaintiff-Respondent. | ) | |

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28 United States Code § 2255. For the reasons below, the Defendant's motion is denied.

## I.  Procedural History

On November 21, 2013, a jury found Petitioner, Ms. Bankston, guilty of Counts 1-23 of the second superceding indictment, including: three counts of conspiracy to commit bank fraud and money laundering (Counts 1, 15, and 17) in violation of 18 U.S.C. § 371; five counts of bank fraud (Counts 2-5 and 7) in violation of 18 U.S.C. § 1344; eight counts of mail fraud (Counts 10-14, 18s, 20-21) in violation of 18 U.S.C. § 1341; one count of wire fraud (Count 16) in violation of 18 U.S.C. 1343; and one count of money laundering (Count 9) in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1956(a)(1). (ECF #150). She was sentenced to a total of 168 months imprisonment, with $75,554.17 in restitution, and three years of supervised release.

Ms. Bankston filed a timely appeal from the judgment of conviction and submitted four arguments to support her appeal. Ms. Bankston argued that her conviction should be overturned because (1) she had not validly waived her right to counsel at trial; (2) she should not have been charged with making false statements under 18 U.S.C. §1001 (Count 23 of the indictment); (3) her constitutional rights were violated at trial by judicial bias, prosecutorial misconduct and

ineffective assistance of counsel, all related to the false statements count; and, (4) the evidence was insufficient to support her conviction for Counts 16 (wire fraud) and 18 (mail fraud). *United States v. Bankston*, 820 F.3d 215, 220, 222 (6th Cir. 2016).

Ms. Bankston also appealed her sentence alleging that the Court (1) incorrectly calculated her base offense level as 27 when it was previously determined to be 25; (2) miscalculated her criminal history category as a VI rather than V; and (3) failed to address factual discrepancies regarding the aggregate amount of loss under § 2B1.1(b)(1). *Id.* at 236. On appeal, Count 23 was vacated pursuant to Subsection (b) of 18 U.S.C. § 1001(b) as false statement prohibition "does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writing or documents submitted by such party or counsel to a judge, or magistrate in that proceeding." The Court of Appeals did not accept her argument for vacating the convictions for the other counts. However, the Court did agree that Ms. Bankston "needed to be resentenced on all but the aggravated identity theft counts." *Bankston*, at 236. The Court of Appeals gave the following reasons for their decision: (1) the trial court had earlier noted that Ms. Bankston's offense level should be 25 but later sentenced her based on a level of 27; (2) the trial court determined Ms. Bankston fell within a criminal history category of VI rather than the previously determined category of V without providing any explanation; and (3) the trial court provided no explanation as to how the Government's loss amount was correct. *Id.* The Court then remanded the case for resentencing. (ECF #312, p. 3).

On October 25, 2016, this Court held a re-sentencing hearing and sentenced Ms. Bankston to 185 months of imprisonment, to be followed by a three year term of supervised release. (ECF #312, p. 4). Ms. Bankston again filed a timely appeal of her sentence and on October 11, 2017, the 6th Circuit Court of Appeals affirmed her conviction and sentence. *United*

2

*States v. Bankston*, 711 Fed. Appx. 307 (6th Cir. 2017). Ms. Bankston then filed a timely Petition for Writ of Certiorari with the United States Supreme Court, which was denied on May 29, 2018. (ECF #312, p. 4). Upon said denial, Ms. Bankston filed a timely Motion pursuant to 28 U.S.C. § 2255(f) alleging eight grounds for relief which are as follows:

(1) Ms. Bankston was denied due process because the Government failed to disclose potentially exculpatory *Brady* material (ECF #312, p. 6);

(2) Ms. Bankston's rights under the Fourth Amendment were violated by the Government's reliance on false information to obtain a warrant to search her residence (Id., p. 12);

(3) Ms. Bankston's Sixth Amendment right to effective assistance of counsel was violated (Id., p. 16);

(4) Trial counsel rendered ineffective assistance by failing to challenge the composition of the jury venire after the Government used peremptory challenges to exclude minorities contrary to the *Batson v. Kentucky* mandate (Id., p. 17);

(5) Government obtained Ms. Bankston's conviction by knowingly soliciting false testimony and introducing evidence in violation of her constitutional rights (Id., p. 22);

(6) Ms. Bankston's Sixth Amendment right to effective assistance of counsel was violated during her initial sentencing hearing (Id., p. 24);

(7) Ms. Bankston's Sixth Amendment right to effective assistance of counsel was violated during the preparation for her resentencing (Id., p. 29); and

(8) Resentencing counsel failed to investigate or consult with appropriate experts regarding loss calculations. (Id., p. 36).

## II. Law and Analysis

### a. Limitations to a § 2255 Motion to Vacate

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that either: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by the law; or (4) it is otherwise subject to collateral attack. A court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *See* 28 U.S.C. § 2255. The burden of showing such violation is on the petitioner. *Jones v. Russell*, 396 F.2d 797 (6th Cir. 1968).

Additionally, a § 2255 claim cannot be used as a second opportunity to review issues that could have been, but were not, raised on direct appeal. One exception to this, however, is if the petitioner can demonstrate "cause to excuse [her] failure to appeal the issue and actual prejudice." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). To show actual prejudice, a petitioner must show that the errors "worked to [her] actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

### b. Failure to Raise a Claim at Trial or on Direct Appeal

All of the alleged errors in Grounds One, Two, and Five, could have been raised on direct appeal. Ms. Bankston fails to demonstrate cause and prejudice as required in order to be considered now. Ground One alleges Ms. Bankston was denied due process because the Government failed to disclose potentially exculpatory *Brady* material. (ECF # 312, p. 6). Ground Two alleges Ms. Bankston's Fourth Amendment rights were violated by the Government's reliance on false information to obtain a warrant to search her home. (Id., p. 12). Ground Five

4

claims the Government obtained Ms. Bankston's conviction by knowingly soliciting false testimony and introducing evidence in violation of her constitutional rights. (Id., p. 22).

### i. Ground One - Failure to Disclose or Request Potential *Brady* Material

Ms. Bankston alleges that both her attorney, Ms. Schuster, and the Government failed to request or disclose potentially exculpatory *Brady* material generated by a pending case against Ms. Bankston in state court. Ms. Bankston fails to show any cause or prejudice relating to this Count as the "outcome of the parallel investigation has no effect or bearing on her federal prosecution." (ECF #319, p. 16). Further, Ms. Bankston fails to demonstrate how the missing pages from the subpoena issued to AT&T by Cuyahoga County prejudices this case in any way. Ms. Bankston makes only generalized statements regarding the evidence that *may* arise from these pages rather than showing specific prejudice that worked to her disadvantage. Therefore, Ground One has not satisfied the threshold required to warrant its consideration on a collateral appeal and is therefore waived.

### ii. Ground Two – Violation of Fourth Amendment Right

Ms. Bankston claims her rights under the Fourth Amendment were violated by the Government's reliance on false information to obtain a warrant to search her residence. (ECF #312, p. 12). Fourth Amendment claims are waived when the petitioner had a "full and fair" opportunity to raise the claim on direct appeal. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) ("free-standing Fourth Amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255, [but] the merits of a Fourth Amendment claim still must be assessed when a claim of ineffective assistance of counsel is founded on incompetent representation with respect to a Fourth Amendment issue.") Ms. Bankston waived this claim as she failed to raise in on direct appeal and has not proven

ineffective assistance of counsel in connection with her Fourth Amendment rights as discussed below.

### iii. Ground Five – Obtaining Conviction via False Testimony and Introducing Evidence in Violation of Ms. Bankston's Constitutional Rights

Ground Five alleges that the Government obtained Ms. Bankston's conviction by knowingly soliciting false testimony and introducing evidence in violation of her constitutional rights (ECF #312, p. 22). Ground Five also refers to the subpoena issued by Cuyahoga County to AT&T. Ms. Bankston claims that "a significant portion of the false testimony at trial stemmed from the use of a Cuyahoga County grand jury subpoena and the false reference to a federal grand jury subpoena to secure the search warrant." (ECF #319, p. 20). Ms. Bankston is unable to show that the parallel investigation in state court has any effect or bearing on this case. Furthermore, Ms. Bankston waived her right to raise this claim by failing to raise the claim on direct appeal.

### c. Establishing Ineffective Assistance of Counsel on a § 2255 Motion

To prove ineffective assistance of counsel, a petitioner must show both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ross v. United States*, 339 F.3d 483, 491-92 (6th Cir. 2003). In *Strickland*, the United States Supreme Court formulated the following test to determine whether a petitioner's ineffective assistance of counsel claim has merit:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*See Id.* at 687. The court continued to note that judicial scrutiny of counsel's performance "must be highly deferential." *Id.* at 689. It is the petitioner's responsibility to overcome the presumption of her defense counsel's competence by proving, not simply alleging, that counsel's performance was unreasonable in relation to professional norms. *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986); *Cobb v. Perini,* 832 F.2d 342, 347 (6th Cir. 1987). In *Lewis v. Alexander,* 11 F.3d 1349, 1353-54 (6th Cir. 1993), the court noted that "counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment."

For a hearing on a § 2255 motion to be held, the petitioner must submit a "detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976). Further, petitioner is not entitled to a hearing if her affidavit makes only a conclusory claim without alleging a factual question of a violation. *Turner v. United States,* 183 F.3d 474, 477-78 (6th Cir. 1999). However, it is ultimately the Court's discretion to determine whether to admit and receive such affidavits as evidence. *Bofford v. Marshall,* 751 F.2d 845, 853 (6th Cir. 1985) (citations omitted).

Petitioner must also establish prejudice as a result of the alleged ineffective assistance of counsel. To do so, petitioner must demonstrate a reasonable probability that, but for her attorney's errors, the proceedings would have produced a different result. *Ross,* 339 F.3d at 492 (citing *Strickland,* 466 U.S. at 694). A professionally unreasonable error alone is not sufficient if the error had no effect on the judgment. *Id.* at 691. Rather, an error must be "prejudicial to the defense in order to constitute ineffective assistance of counsel under the Constitution." *Id.* at 692. Ms. Bankston alleged 5 grounds in support of her ineffective assistance of counsel claims

7

citing her counsel's failure to (1) conduct pre-trial investigation (Ground Three); (2) challenge the composition of the jury venire (Ground Four); (3) present evidence or call witnesses during the initial sentencing (Ground Six); (4) prepare adequately for the resentencing hearing (Ground Seven); and (5) raise several claims during the direct appeal (Ground Eight). (ECF # 319, p. 10). Ms. Bankston was afforded effective assistance of counsel for the reasons discussed below.

### i. Ground Three - Pre-Trial Investigation

Ms. Bankston claims her counsel failed to conduct pre-trial investigation and therefore violated her Sixth Amendment right to effective assistance of counsel. More specifically, Ms. Bankston alleges that her counsel failed to retain a private investigator and to thoroughly investigate "issues of guilt and innocence." (ECF # 319, p. 10). To support this claim, Ms. Bankston references "critical records" that were not reviewed and "numerous witnesses with crucial information" that were not interviewed. (ECF # 312, p. 16-7). Ms. Bankston fails, however, to identify any specific "critical records" or any "witnesses with crucial information." (Id.) She also fails to demonstrate how the absence of such information prejudiced her case. (Id.) Without citing specific records or the "critical information" known by specific witnesses, Ms. Bankston has made only conclusory statements and is unable to prove how this error prejudiced her case. *See O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961) (stating "[c]onclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States,* 504 F.2d 63, 65 (6th Cir. 1974) (holding that when "claims are stated in the form of conclusions without any allegations of fact in support thereof," a § 2255 motion is "legally insufficient"); *Wogenstahl v. Mitchell,* 668 F.3d 307, 335 (6th Cir. 2012) (noting "[m]erely conclusory allegations of ineffective assistance are insufficient to state a constitutional claim."). Therefore, Ms.

8

Bankston's claim as to Ground Three is without merit and no hearing need be held regarding ineffective assistance of counsel.

### ii. Ground Four - Jury Composition

Ms. Bankston claims her counsel was ineffective due to her failure to challenge the composition of the jury. Ms. Bankston waived her right to counsel prior to the Court questioning the first potential juror during voir dire as reflected in the record. (ECF # 242, p. 39) Although Ms. Bankston claims she waived her right to counsel during voir dire, the record shows otherwise. Therefore, no hearing as to the effectiveness of counsel is warranted on this ground as Ms. Bankston's allegations "cannot be accepted as true because they are contradicted by the record[.]" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### iii. Ground Six – Initial Sentencing

Next, Ms. Bankston asserts that her counsel was ineffective for failing to present evidence or call witnesses for mitigation purposes during the initial sentencing hearing. (ECF # 312, p. 27-8). Again, Ms. Bankston fails to specifically name any witness or any specific mitigating evidence that may have been presented. She has presented no information or factual allegation that would support a finding of effective assistance of counsel. She has also failed to present any information that would suggest that she suffered any prejudice from the claimed deficiency. Ground Six is without merit as "making conclusory allegations are insufficient to state a constitutional claim." *Wogenstahl*, 668 F.3d at 335. Therefore, no hearing is warranted on the basis of Ground Six.

### iv. Ground Seven – Resentencing

Additionally, Ms. Bankston contends her counsel was ineffective by failing to prepare for the resentencing hearing. (ECF # 312, p. 29). Ms. Bankston claims her counsel erred in conceding that the Sixth Circuit remand for resentencing was a general remand. Although the Sixth Circuit specifically instructed the District Court to address three specific issues, there is nothing in the record to support Ms. Bankston's assertion. This issue was again raised on Ms. Bankston's second appeal, to which the court responded "Bankston is incorrect that our remand barred the district court from reconsidering the entirety of her sentence . . ." *United States v. Bankston*, 711 Fed. App'x. 307, 313-14 (6th Cir. 2017). This issue may not be relitigated here as a § 2255 motion may not be used to relitigate an issue that was raised on direct appeal. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Ms. Bankston also alleges that resentencing counsel was ineffective for failing to (1) investigate the loss calculations; (2) object to the consecutive aggravated identity theft sentences; and (3) object to the "sophisticated money laundering enhancement." (ECF # 319, p. 14). The record shows that both Ms. Bankston and her counsel argued all the above points, but were unsuccessful in their efforts. A § 2255 motion requires that the counsel be effective and to be effective, counsel must be "competent, but not necessarily victorious." *Wiley v. Sowders,* 647 F.2d 642, 648 (6th Cir. 1981) (citing *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974)). Therefore, ground seven of Ms. Bankston's appeal is without merit as an unsuccessful argument does not equate to ineffective assistance of counsel.

### v. Ground Eight – Direct Appeal

Finally, Ms. Bankston asserts ineffective assistance of counsel for the failure to argue the following issues on direct appeal: (1) due process and potential *Brady* violations; (2) failure of

this Court to make a record on the aggravated identity theft sentence and; (3) the 3553(a) factors. (ECF # 319, p. 14). As the Defendant, Ms. Bankston has the ultimate decision to file an appeal, however, due to their knowledge and expertise, counsel is better suited to determine which issues to argue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel is not ineffective for refusing the litigate every conceivable issue. *Coleman v. Mitchell*, 268 F.2d 417, 430-31 (6th Cir. 2001). Furthermore, "the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986). To prevail on this claim, Ms. Bankston must show "that the issue not presented 'was clearly stronger than issues that counsel did present,'" which she has failed to do. *Caver v. Straub,* 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith,* 528 U.S. at 289). Ground Eight fails to meet the burden necessary to hold a hearing on this issue.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the petition. 28 U.S.C. § 2253 provides, in part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding In which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Id.* at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, this Court concludes that Ms. Bankston has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, this Court declines to issue a certificate of appealability.

## IV. Conclusion

After careful review of the record and application of relevant law, Ms. Bankston has not met the burden required to prevail on her claim for relief pursuant to § 2255. It is unnecessary to hold a hearing on this claim as "the motion, files and records conclusively show that the prisoner is not entitled to relief." *Bryan v. United States,* 721 F.2d 572, 577 (6th Cir. 1983). As all eight of Ms. Bankston's alleged grounds for relief are without merit, she has failed to meet the burden required under § 2255 and therefore, her motion to vacate, set aside, or correct sentence is DENIED.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: August 5, 2019